MEMORANDUM *
Keith Tucker (“Keith”) died following an altercation with two police officers, Defendants Patrick Denney and Mark Hutchinson. Keith’s father, Plaintiff Sanford Tucker (“Sanford”) brought a wrongful death civil rights action under 42 U.S.C. § 1983, claiming that the force used by Officers Denney and Hutchinson deprived Keith of his right to be free from excessive force, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and caused his death.[1] The officers brought this interlocutory appeal from the district court’s denial of their motion for summary judgment on grounds of qualified immunity. We affirm in part, reverse in part, and remand.
As the parties moving for summary judgment, the officers bear “the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material ... lodged must be viewed in the light most favorable” to Sanford. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment “ ‘should be granted sparingly’ ” in excessive force cases, because the excessive force inquiry often “ ‘requires a jury to sift through disputed factual contentions, and to draw inferences therefrom.’” Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir.2005) (en banc) (quoting Santos v. Gates, 287 F.3d 846, 853 (9th Cir.2002)). In this case, we agree with the district court that, with respect to the force used after Keith was handcuffed, there are genuine issues of material fact rendering summary judgment inappropriate. We conclude, however, that there are no genuine issues of material fact concerning whether the force used before Keith was handcuffed was excessive, and that summary judgment should have been granted in favor of the defendants with regard to that period.
We use a two-pronged test to determine whether qualified immunity is justified: (1) we must decide whether the officer violated a plaintiffs constitutional right; and (2) we must determine whether the asserted right was “ ‘clearly established in light of the specific context of the case’ at the time of the events in question.” Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir.2011) (en banc) (quoting Robinson v. York, 566 F.3d 817, 821 (9th Cir.2009)), petitions for cert. filed, — U.S.L.W. - (U.S. Jan. 11, 2012) (No. 11-1032), 80 U.S.L.W. 3457 (U.S. Jan. 17, 2012) (No. 11-898), - U.S.L.W. - (U.S. Feb. 21, 2012) (No. 11-1045). In determining whether an officer violated a plaintiffs right to be free from excessive force, we first assess the severity of the force used and then measure the governmental interests at stake by evaluating a range of factors. See id. at 441.
*629 1. The force used by the officers before Keith’s handcuffing was reasonable under the circumstances of Keith’s violent resistance. Sanford argues that the officers should be held liable for the defensive force they used in handcuffing Keith, because Officer Denney’s decision to grab Keith’s hand may have provoked the violent altercation that ensued. We disagree. “Where a police officer ‘intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, he may be held liable for his otherwise defensive use of force.’ ” Espinosa v. City & Cnty. of San Francisco, 598 F.3d 528, 538 (9th Cir.2010) (quoting Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir.2002)), cert. denied, — U.S. -, 132 S.Ct. 1089, 181 L.Ed.2d 976 (2012). Officer Denney’s decision to grab Keith’s hand was not an intentional or reckless provocation that independently violated Keith’s Fourth Amendment rights, see Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1059 (9th Cir.2003), and therefore cannot “render the officer[s’] otherwise reasonable defensive use of force unreasonable as a matter of law,” Billington, 292 F.3d at 1190-91.
Summary judgment should therefore have been granted with respect to the force used before Keith was handcuffed.
2. A jury could, however, reasonably conclude that the officers used excessive force in tasing Keith and applying their body pressure to restrain him after he was handcuffed and face down on a bed. See Drummond, 343 F.3d at 1059-60. Although the officers testified that Keith continued to threaten their safety even after he was handcuffed, and that they exercised considerable restraint in their use of force, the district court accurately identified significant discrepancies and omissions in their respective accounts of the altercation. A jury, after hearing live testimony and cross-examination, might therefore discredit the officers’ testimony and conclude that, in light of the degree of danger Keith posed once handcuffed, if any, and other pertinent circumstances (including Keith’s apparent physical and mental state at the time), the degree of force used was excessive. See Santos, 287 F.3d at 852. Because genuine issues of material fact remain as to both the extent of the force used by the officers and the nature of the threat posed by Keith’s handcuffed resistance, we cannot hold that the officers acted reasonably as a matter of law.
3. Turning to the clearly established law inquiry, we conclude that existing law recognized a Fourth Amendment violation where two officers use their body pressure to restrain a delirious, prone, and handcuffed individual who poses no serious safety threat. See Drummond, 343 F.3d at 1059-60. Keith, unlike Drummond, continued to resist the officers after handcuffs were applied, but this distinction does not, by itself, suffice to bring this ease out of Drummond’s orbit. See Davis v. City of Las Vegas, 478 F.3d 1048, 1057 (9th Cir.2007).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
Costs on appeal awarded to PlaintiffAppellee.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Sanford also sued several other defendants on various legal theories not pertinent to this appeal.